OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner maintains this proceeding pursuant to CPLR article 78 to annul the determination of respondents which concluded that a parental contribution of $33 per month must be treated as income instead of a contribution toward shelter costs.
The sum of $212 constitutes the maximum shelter allowance which can be provided for a family of two in Westchester County. Cognizant of this fact, petitioner in August of 1976, moved into an apartment with rental of $245 with permission of respondents and with the understanding that her parents would contribute the monthly difference of $33 towards the rent. A two-year lease was thereupon signed by petitioner for this apartment. Petitioner was also receiving a grant of $150 per month for food, clothing, utilities and other incidental expenses.
In July, 1978, respondent Bates notified petitioner that effective August 1, 1978, the $33 received from her parents *462 would be treated as income and her public assistance reduced accordingly. After a fair hearing, respondent Blum confirmed the reduction.
The failure to allow the $33 parental contribution to be applied to rent precipitates an eviction from her present apartment for she obviously cannot continue to reside in a $245 per month apartment for $212. Under such circumstances, the burden fell upon respondents to show that other housing accommodations were available to the petitioner at the monthly rental of $212 and that such rehousing would be appropriate for her best interests. (Matter of Kahn v Smith, 60 AD2d 869.) The record here presented, which leaves a lot to be desired insofar as transcription of the hearing is concerned, fails to support the burden which rested upon respondents.
The determination of respondents is therefore annulled and respondent Bates is directed to continue shelter payments of $212 per month and public assistance payments of $150 per month.